1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LLOYD SHUGART, dba CLASSIC YACHT
SYSTEMS,

               Plaintiff,

      v.

GYPSY Official No. 251715, its Engines,
Machinery, Appurtenances, etc.,
*In Rem*;

And

MAR FLEMING,
*In Personam*,

             Defendants.

Case NO. 2:14-CV-1923RSM

ORDER GRANTING  MOTION TO DISMISS
WITH LEAVE TO AMEND ANSWER AND
COUNTERCLAIM

This matter comes before the Court upon Plaintiff's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. # 16. Plaintiff moves the Court to dismiss Defendants' counterclaim brought under Washington's Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, for failure to plead facts sufficient to meet the CPA's public interest prong. Having considered the pleadings and the parties' memoranda, and for the reasons stated herein, the Court grants Plaintiff's Motion to Dismiss but provides Defendants leave to amend their counterclaim.

**BACKGROUND**

This action arises out of a dispute over charges and payment for electrical service work that Plaintiff Lloyd Shugart performed on Defendant vessel Gypsy. On December 18, 2014, Plaintiff filed his Verified Complaint to Foreclose Maritime Lien *In Rem* in admiralty, stating claims for breach of maritime contract, maritime lien for providing a necessary, and for reasonable value of labor and services. Dkt. # 1. Plaintiff demands that Defendant Marc Fleming pay him $58,008.20 for electrical services work Shugart performed on the vessel, as well as prejudgment interest. *Id.*

On February 20, 2015, Defendants Fleming and through him the Gypsy filed their Answer, which included a CPA counterclaim.[1] Dkt. # 14. Through this counterclaim, Fleming alleges that Shugart violated the CPA by: (1) claiming to have worked three times the hours estimated, (2) transmitting an invoice for parts and labor expended well beyond the amounts previously indicated, (3) purporting to charge 1.9% interest per month, (4) purporting to charge a mark-up on parts despite prior contrary representations, and (5) taking steering wheels off the boat without Fleming's permission rendering it unusable. *Id.* at ¶ 4.

Plaintiff filed the instant Motion to Dismiss on March 3, 2015, arguing that Defendant's CPA counterclaim fails to plead sufficient facts to meet the five elements of a CPA claim. In particular, Plaintiff asserts that Defendant's counterclaim as pled contains no facts that, taken as true, could support a finding that Plaintiff's actions have a legally cognizable impact on the public interest. In response, Defendant seeks leave to file an amended answer and counterclaim and filed a declaration by Marc Fleming with supporting exhibits, including invoices, records of communication between the parties, and a police report.

## LEGAL STANDARD

As an initial matter, the Court must first consider whether it should consider the materials submitted by Defendant Fleming outside the pleadings and thereby convert Plaintiff's Motion to

---

[1] Defendants' Answer appears to contain an additional counterclaim for conversion, which is not addressed by the instant Motion.

Dismiss into one for summary judgment. Federal Rule of Civil Procedure 12(d) governs the Court's consideration of matters outside the pleadings submitted on a motion to dismiss for failure to state a claim. This Rule provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The court's decision whether to consider "matters outside the pleadings" – that is, materials beyond those incorporated into or attached to the pleadings or of which the court may take judicial notice – is a discretionary one. *See Dreamdealers USA, LLC v. Lee Poh Sun*, 2014 WL 3919856 (D. Nev. 2014).

While Rule 12(d) requires that the parties be on notice that the court may look beyond the pleadings, strict adherence to formal notice requirements is not required. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004). Rather, the Court examines the record "to determine whether the party against whom summary judgment [is] entered was 'fairly apprised that the court would look beyond the pleadings and thereby transform the 12(b) motion to dismiss into one for summary judgment." *Id.* (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)). A represented party may be deemed to have sufficient notice if she "submits matters outside the pleadings to the judge and invites consideration of them" in response to a motion to dismiss. *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998) (quoting *Grove v. Mead School Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir. 1985)).

Here, Fleming has submitted a declaration in response to Plaintiff's Motion providing factual details of his service relationship with Shugart, as well as documentation of their dealings. Dkt. # 19. While the Court could infer from this submission that Fleming is on sufficient notice that the Court would consider his counterclaim on the evidentiary record rather than the pleadings, the Court is also to consider whether the record is sufficiently complete such that doing so would not prejudice him. *See Schmidt v. Contra Costa Cnty.*, 310 Fed. Appx. 110, 111 (9th Cir. 2009) (unpublished decision); Fed. R. Civ. P. 12. In this case, the extraneous matter appears entirely directed to a CPA prong not at

1    issue in Plaintiff's Motion – whether Shugart engaged in an unfair or deceptive act or practice. Were

2    the Court to consider this material, it would be forced to determine Defendants' satisfaction of the

3    public interest prong of the CPA based on an exceedingly incomplete evidentiary record. As doing so

4    would lead to a resolution of Defendants' CPA counterclaim on a technicality rather than on the

5    merits, the Court declines to consider the extraneous matter submitted by Fleming and resolves this

6    Motion on the pleadings pursuant to Rule 12(b)(6).

7         To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

8    factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v.*

9    *Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where

10   the claimant fails to "nudge[] [his] claims across the line from conceivable to plausible, [his]

11   complaint must be dismissed." *Twombly*, 550 U.S. at 570.  A claim is facially plausible if the plaintiff

12   has pled "factual content that allows the court to draw the reasonable inference that the defendant is

13   liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a

14   cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550

15   U.S. at 555). In other words, the claimant must provide grounds for his entitlement to relief that

16   amount to more than labels or conclusions and extend beyond a formulaic recitation of the elements of

17   a cause of action. *Twombly*, 550 U.S. at 545. In making a Rule 12(b)(6) assessment, the court accepts

18   all facts alleged in the complaint as true, and draws all inferences in the light most favorable to the

19   non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009)

20   (internal citations omitted).

21                                                **DISCUSSION**

22

23        In order to state a claim for relief  under the CPA, Defendants must allege facts sufficient to

24   meet each of the following elements: (1) an unfair or deceptive act or practice, (2) occurring in trade

25   or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5)

26   causation. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d

ORDER GRANTING MOTION TO DIMISS WITH LEAVE TO AMEND - 4

531 (1986); *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 204 P.3d 885, 889 (2009). Here, Plaintiff disputes only Defendants' satisfaction of the public interest prong.

In order to fulfill the purpose of the CPA to "protect the public and foster fair and honest competition," RCW 19.86.920, even a private plaintiff must show that his lawsuit would serve the public interest by addressing acts or practices that are injurious to the public. *See Michael v. Mosquera-Lacy*, 165 Wash.2d 595, 605, 200 P.3d 695 (2009); *Hangman Ridge*, 105 Wash.2d at 788 (The Act "shall not be construed to prohibit acts or practices which… are not injurious to the public interest."). A claimant may establish that an act or practice affects the public interest by showing that it "(1) [v]iolates a statute that incorporates [RCW 19.86]; (2) [v]iolates a statute that contains a specific legislative declaration of public interest impact; or (3)(a) [i]njured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons." RCW 19.86.093.

Where a transaction can be characterized as "essentially a private dispute" rather than a consumer transaction, it may be difficult to show a public interest in the subject matter. *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wash.App. 732, 744, 935 P.2d 628 (Wash. Ct. App. 1997). A dispute over the provision of professional services, like that presented in this case, is an example of such a private dispute. *See Stephens v. Omni Ins. Co.*, 138 Wash.App. 151, 177, 159 P.3d 10 (Wash. Ct. App. 2007). In such an instance, the court looks to the following factors to determine the public's interest in the subject matter:

> (1) Were the alleged acts committed in the course of defendant's business? (2) Did defendant advertise to the public in general? (3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation to others? (4) Did plaintiff and defendant occupy unequal bargaining positions?

*Id.* (quoting *Hangman Ridge*, 105 Wash.2d at 790-91). None of these factors is dispositive nor must all of these factors be present. *Hangman Ridge*, 105 Wash.2d at 791.

In this case, the Court agrees with Plaintiff that Defendants' Answer and Counterclaim is devoid of any facts sufficient to meet the public interest prong. Fleming nowhere alleges a statutory

violation other than of the CPA itself, nor does he allege that Shugart's allegedly unfair and deceptive billing and collection practices in relation to his work on the Gypsy injured or have the capacity to injure other persons. *See* RCW 19.86.093. While the Court could infer from the pleadings that Shugart's alleged acts were committed in the course of his business, there are no allegations showing that Shugart advertised to the public in general or that suggest solicitation of the public. Nor does Fleming allege facts that would show an inequality of bargaining positions between the parties. As the circumstances alleged fail to indicate that Shugart's conduct extended in any way beyond the two parties to this service contract, the Court cannot infer a public interest impact and must therefore dismiss Defendants' CPA counterclaim on the pleadings. *See Segal Co., Inc. v. Amazon.Com*, 280 F.Supp.2d 1229, 1234 (W.D. Wash. 2003) (granting motion to dismiss where plaintiff failed to allege specific facts showing a generalized pattern of solicitation or the potential for repetition of the allegedly deceptive conduct); *Michael*, 165 Wash.2d at 605 (dismissing CPA claim upon finding that "[t]here is no likelihood of any real or substantial potential that other people will be injured in the same way [plaintiff] was injured"); *Bly v. Field Asset Services*, 2014 WL 2452755, *6 (W.D. Wash. 2014) (dismissing CPA claim for failure to plead sufficient facts to meet the public interest prong).

## LEAVE TO AMEND

The sole remaining question is whether to grant Defendants' request for leave to file an amended pleading. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where claims are dismissed under Rule 12(b)(6), the court "should grant leave to amend…unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend need not be granted, and dismissal may be ordered with prejudice, if amendment would be futile. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *see also Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

Here, it is a close call whether to allow Defendants leave to amend. Defendants have submitted a proposed amended answer and counterclaim, which does little more than restate the CPA elements and speculate as to the existence of a public interest impact. *See* Dkt. # 20, p. 9. The fact that Shugart may be engaged in additional commercial dealings supplying electrical services to vessels, *id.* at ¶ 4(c), does not in itself "indicate that [his] activities have the potential to deceive a 'substantial portion' of the public." *Segal*, 280 F.Supp. 2d at 1233, citing *Goodyear*, 86 Wash.App. at 744. Absent facts showing injury or likely injury to the public, the amended counterclaim could not pass Rule 12(b)(6) muster.

Nonetheless, the Court is not persuaded that the flawed proposed amended counterclaim manifests the futility of amendment so much as a misapprehension of contemporary federal pleading standards suggested throughout Defendants' opposition materials. *See, e.g.*, Dkt. # 18, p. 2 (ignoring post-*Iqbal*/*Twombly* pleading requirements). Further, the liberal policy toward amendment expressed in the Federal Rules, coupled with the evident trend toward allowing amendment where a complaint fails to satisfy the public interest prong, *see, e.g.*, *Bly*, 2014 WL 2452755 at *7; *Segal*, 280 F.Supp.2d at 1234 n. 6, counsels in favor of providing Defendants a second bite at the apple in this case as well. Defendants are on notice, however, that any amended counterclaim that does not meet the standards set forth herein shall be dismissed with prejudice.

## CONCLUSION

For the above-stated reasons, the Court hereby ORDERS that Plaintiff's Motion to Dismiss Dkt. # 16) is GRANTED. Defendants' CPA counterclaim is dismissed without prejudice and with leave to file an amended answer and counterclaim within ten (10) days of the entry of this Order.

Dated this 1st day of May 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DIMISS WITH LEAVE TO AMEND - 7