UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LLOYD SHUGART, dba CLASSIC YACHT SYSTEMS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>GYPSY Official No. 251715, its Engines, Machinery, Appurtenances, etc.,<br>*In Rem*;<br><br>And<br><br>MARC FLEMING,<br>*In Personam*,<br><br>　　　　　Defendants. | Case No. C14-1923RSM<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

## I.　　INTRODUCTION

This case is before the Court on Plaintiff Lloyd Shugart's remaining claims against Defendants Gypsy (*in rem*) and Marc Fleming. On January 4, 2016, the Court granted partial summary judgment to Mr. Shugart on certain contract claims. Dkt. #63. The full background of this case is contained in that same Order, Dkt. #63, and need not be repeated.

Subsequent to that Order, the parties resolved Defendants' remaining conversion counterclaim. Dkt. #69 at 2. Thus the issues remaining for trial were 1) whether the parties

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

agreed to a 40% markup on parts if Mr. Shugart's final invoice was not paid in full within 30 days, 2) whether Mr. Shugart had satisfied the necessary elements for a maritime lien for necessaries, and 3) whether Defendant Marc Fleming breached the maritime contract by failing to pay the 40% markup on parts totaling $8,360.23. Dkt. #69 at 5. A one-day bench trial was held on February 22, 2016. At the conclusion of the trial, the Court issued its oral ruling in favor of Defendants, finding that Mr. Shugart had failed to meet his burden of proof.

## II.   FINDINGS OF FACT

The following findings of fact are based upon a preponderance of the evidence presented at trial.

1. The Court incorporates by reference the "Admitted Facts" contained in the Agreed Pretrial Order. *See* Dkt #69 at 2-5.
2. On October 18, 2013, the parties first met in person to discuss electrical work that needed to be performed on the vessel Gypsy. In this meeting, Mr. Shugart informed Mr. Fleming that he charged for parts upfront at wholesale prices.
3. On November 12, 2013, Mr. Shugart wrote in an email to Mr. Fleming "I don't mark-up parts" in an effort to explain why he needed to be paid upfront for parts.
4. On December 30, 2013, Mr. Shugart wrote in an email to Mr. Fleming "[b]ecause I give you parts without a mark-up that represents a savings of about $2,500.00 dollars (sic) to you."
5. On June 6, 2014, three days after Mr. Fleming terminated the contract with Mr. Shugart, Mr. Shugart wrote in an email to Mr. Fleming "[a]s per our agreement, I have provided for a discount on parts markup as long as the invoice is paid 30 days net." This is the first written mention of a markup on parts if the invoice was not paid within 30 days.

## III.  CONCLUSIONS OF LAW

1. To recover damages for breach of a maritime contract, "a plaintiff must prove (1) the terms of a maritime contract; (2) that the contract was breached; and (3) the reasonable value of the purported damages." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1249 (11th Cir. 2005) (citing *Exxon Corp. v. Cent. Gulf Lines, Inc.*, 500 U.S. 603, 605-06, 111 S.Ct. 2071 (1991)).

2. Mr. Shugart testified that he informed Mr. Fleming at their initial October 18, 2013, meeting of his policy of charging a 40% markup on parts if the final invoice was not paid within 30 days.  Mr. Fleming testified that this was not mentioned in any discussion before work began.  Mr. Fleming testified that he was not aware of this contract term until he read the June 6, 2014, email from Mr. Shugart.  The Court finds Mr. Fleming's testimony to be credible.

3. Given the credibility finding above, and the fact that there is no written mention of a markup for parts until after the contract between the parties was terminated by Mr. Fleming, Mr. Shugart has failed to meet his burden of proving that the 40% markup on parts was a term of the maritime contract at issue.

4. Given that Mr. Shugart has failed to prove the existence of a 40% markup on parts as a term of the contract, the Court need not address the issues of breach, damages, or whether Mr. Shugart has satisfied the necessary elements for a maritime lean on those damages.

5. Having fully considered the evidence presented at trial, the exhibits admitted into evidence, and the argument of counsel, and being fully advised, the Court finds in favor of Defendants.  This matter is now CLOSED.

It is so ORDERED.

DATED this 23 day of February, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4